UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **PHI Health, LLC,** <br> 2800 N. 44th Street <br> Phoenix, AZ 85008 <br><br>       Petitioner, <br><br> v. <br><br> **Medical Mutual of Ohio** <br> c/o CT Corporation System <br> Registered Agent <br> 4400 Easton Commons Way <br> Suite 125 <br> Columbus, OH 43219 <br><br> and <br><br> **St. Elizabeth Healthcare** <br> c/o Robert M. Hoffer <br> Statutory Agent <br> 109 East Fourth Street <br> Covington, KY 41011 <br><br> and <br><br> **XYZ CORP.** <br><br>       Respondents. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Case No. 1:24-cv-2167 <br><br> Judge |

**APPLICATION TO CONFIRM ARBITRATION AWARD**

    Plaintiff PHI Health, LLC ("PHI") brings this complaint to confirm two arbitration awards issued in PHI's favor and to enter judgment for PHI as follows:

- IDR Award 421604 in the amount of $23,404.20; and

- IDR Award 421605 in the amount of $12,911.85 (collectively, "IDR Awards")

**INTRODUCTION**

    1.    This action is necessary because Respondents St. Elizabeth Healthcare.

("St. Elizabeth") and Medical Mutual of Ohio ("Medical Mutual") have refused to pay to PHI the money that Medical Mutual was ordered to pay PHI via arbitration awards rendered pursuant to the federal No Surprises Act ("NSA").

2. PHI is an air ambulance company that provides emergency medical transportation to patients across the country. PHI transported a patient covered by Respondents. After Respondents refused to pay PHI's billed charges for this service, PHI initiated an arbitration pursuant to the federal No Suprises Act. That Act gives PHI the power to compel group health insurance plans and insurers to participate in binding arbitration over the amount of reimbursement owed. The arbitration is called "Independent Dispute Resolution," or IDR; the arbitrator is called an "IDR entity."

3. The NSA makes the IDR entity's determination "binding upon the parties involved," and requires the group health plan or insurer to pay what it owes within thirty calendar days after the IDR entity's determination is made.

4. This confirmation action is made necessary because Respondents have failed—for many months—to pay PHI what the IDR entity's determinations, and the NSA, require Respondents to pay for PHI's services.

5. PHI therefore applies, pursuant to the Federal Arbitration Act ("FAA") and the Ohio Arbitration Act ("OAA") to enter an order confirming the IDR awards and judgment against Medical Mutual for the amount of money Medical Mutual owes to PHI.

**PARTIES**

6. PHI is a limited liability company organized under the laws of the State of Louisiana and headquartered in Phoenix, Arizona. PHI does not have a network contract with Respondents; PHI is thus a "nonparticipating provider" for purposes of the NSA.

2

7. Medical Mutual is an administrator of group health plans. Medical Mutual is headquartered in Cleveland, Ohio and it can be served with process at by serving its registered agent, CT Corporation System, at 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219. Medical Mutual knows the identity of the Plan Sponsor of the group health plan that provided coverage to the patient whose transport is at issue in this case.

8. On information and belief based on documents provided to PHI by Medical Mutual, St. Elizabeth is the Plan Sponsor of the employee health and welfare benefits plan that provided coverage to the patient whose transport is at issue in this case. St. Elizabeth's principal place of business is in Edgewood, Kentucky, although it also serves patients in Indiana and Ohio. St. Elizabeth can be served with process via its registered agent, Robert M. Hoffer, at 109 East Fourth Street, Covington, KY 41011.

9. If St. Elizabeth just described is not in fact the Plan Sponsor of the group health plan that provided coverage to the patient whose transport is at issue in this case, then the identity of the Plan Sponsor is unknown to PHI and this action is instead brought against XYZ CORP, the Plan Sponsor of the group health plan that provided coverage to the patient whose transport is at issue in this case. PHI does not know the identity of XYZ CORP. Medical Mutual is aware of the identity of XYZ CORP.

10. The Plan Administrator is for all relevant purposes the agent of St. Elizabeth or XYZ Corp. and has actual and apparent authority to act on St. Elizabeth's or XYZ CORP.'s behalf in all matters relevant here. Notice to the Plan Administrator also qualifies as notice to St. Elizabeth or XYZ CORP.

**JURISDICTION AND VENUE**

11. This Court has federal question subject-matter jurisdiction over this case,

3

pursuant to 28 U.S.C. § 1331, because this is an action to confirm a federal arbitral award entered pursuant to the federal NSA. Federal law makes the IDR awards binding on Medical Mutual and also requires Medical Mutual to pay what is owed within 30 days of the IDR entity's decision. 42 U.S.C. § 300gg-112(b)(6).

12. Venue is proper in this District because Medical Mutual resides here and because a substantial part of the events or omissions giving rise to the claim occurred here. 28 U.S.C. § 1391(b).

13. This Court has personal jurisdiction over Respondents because Respondents do significant business in this State, have a significant presence here, and because PHI's claims arise out of Respondents' contacts with Ohio.

14. Attached as **Exhibits 1 and 2** are PHI's First Set of Interrogatories to Medical Mutual and St. Elizabeth, respectively.

## BACKGROUND ON THE NO SURPRISES ACT

15. The NSA creates a federal obligation for group health plans and health insurers to pay out-of-network providers of air ambulance services (which the Act calls "nonparticipating providers") for emergency services rendered to the plans' or insurers' covered members or insureds. Specifically, the group health plan or insurer must pay the out-of-network air-ambulance provider the dollar amount by which the "out-of-network rate (as defined in section 300gg-111(a)(3)(K) of this title) . . . exceeds the [patient's] cost sharing amount . . . ." 42 U.S.C.§ 300gg-112(a)(3)(B).[1]

---

[1] The No Surprises Act is codified in triplicate in three different parts of the U.S. Code: 42 U.S.C. § 300gg-111, *et seq.*; (the Public Health Service ("PHS") Act); 29 U.S.C. §§ 1185e, *et seq.* (ERISA); and 26 U.S.C. §§ 9816, *et seq.* (the Internal Revenue Code "IRC"). For ease of reference, this complaint cites the PHS Act provisions. The other provisions do not differ from the PHS Act provisions in any way that is significant for purposes of this application.

16. The NSA contains a detailed mechanism for determining what the appropriate "out-of-network" rate is in each case. If the out-of-network air ambulance provider and the health plan or insurer are not able to agree on the appropriate out-of-network rate, then the rate is set by a "determination" of a "certified IDR entity" rendered in an "independent dispute resolution [IDR] process." 42 U.S.C. § 300gg-111(a)(3)(K).

17. The IDR process is baseball-style arbitration. Each side (the air ambulance provider and the group health plan or insurer) submits its own "offer" to the IDR entity stating what it believes the appropriate out-of-network rate to be; each party also submits reasons and evidence supporting its offer. *Id.*; § 300gg-112(b)(5)(B). The IDR entity considers a number of factors, *see id.*; § 300gg-112(b)(5)(C) & (D), and based on those factors "select[s] one of the offers submitted . . . to be the amount of payment," that is, to be the appropriate out-of-network rate for that transport. *Id.* § 300gg-112(b)(5)(A).

18. The IDR entity's "determination" is made "binding" by the NSA, which states:

**(E) Effects of determination**

    **(i) In general**

        A determination of a certified IDR entity under subparagraph (A)--

            (I) shall be binding upon the parties involved, in the absence of a fraudulent claim or evidence of misrepresentation of facts presented to the IDR entity involved regarding such claim; and

            (II) shall not be subject to judicial review, except in a case described in any of paragraphs (1) through (4) of section 10(a) of title 9.

42 U.S.C § 300gg-111(c)(5)(E). The statute just quoted "shall apply" to air ambulance IDR determinations. *Id.* § 300gg-112(b)(5)(D).

19. The group health plan or insurer must make the "payment required pursuant to subsection (a)(3) [42 U.S.C.§ 300gg-112(a)(3)] . . . directly to the nonparticipating provider not later than 30 days after the date on which such determination is made" by the IDR entity. *Id.* § 300gg-112(b)(6).

## THE FACTS OF THIS DISPUTE

20. In 2022, PHI supplied emergency air ambulance transport services to a patient who was a member of Respondents' Plan under Plan ID 711389101. The patient's identifying number under the policy is 179561514698.

21. PHI sent Medical Mutual a bill for these transportation services. As defined above, Medical Mutual is the third-party administrator of Respondents' Plan and is an authorized agent of St. Elizabeth or XYZ CORP.

22. On or about October 11, 2022, Medical Mutual sent PHI an "Explanation of Benefits" form relating to the transport at issue in this case. That form stated that the Group Name is AXA Medical Mutual of Ohio, with Group No. 0863970-10-100. That form also stated that Medical Mutual was making two initial payments to PHI for the two service codes for this transport (A0431 and A0436).

23. The chart below sets forth the initial payment made by Respondents and the patient's "cost sharing" amounts:

| Date of Service | Procedure | Initial Payment | Patient's Cost Sharing |
|---|---|---|---|
| 07/23/2022 | A0431: Rotary Wing Air Transport | $6,571.20 | $0 |

6

| 07/23/2022 | A0436: Rotary Wing Air Mileage | $1,973.25 | $0 |
|---|---|---|---|
|  | TOTALS: | $8,544.45 | $0 |

24. On May 29, 2023, PHI initiated IDR proceedings by submitting Notices of Initiation through the federal IDR Portal for the transport at issue in this case. PHI gave valid notice to Medical Mutual of the initiation of IDR proceedings.

25. This IDR disputes were assigned IDR reference numbers 421604 and 421605. The IDR entity assigned to the dispute was National Medical Reviews, Inc. ("IDR Entity").

26. On December 14, 2023, the IDR Entity transmitted to PHI its Written Payment Determination Notices which include the IDR Award No. 421604. The IDR Award determines that the appropriate out-of-network rate for this transport in total is $29,975.40. The IDR Award No. 421604 is attached as **Exhibit 3**.

27. On October 4, 2024, the IDR Entity transmitted to PHI its Written Payment Determination Notices, which include the IDR Award No. 421605. The IDR Award determines that the appropriate out-of-network rate for this transport in total is $14,885.10. The IDR Award No. 421605 is attached as **Exhibit 4**.

28. Respondents previously made an initial payment to PHI for IDR Award 421604 in the total amount of $6,571,20, an amount less than the IDR Award.

29. Respondents previously made an initial payment to PHI for IDR Award 421605 in the total amount of $1,973.25, an amount less than the IDR Awards.

30. The NSA obligates Medical Mutual to pay PHI a total amount of $44,860.80 ("IDR Awards Balance Owed"), which represents (i) the "out-of-network rates" determined by the IDR Entity and set forth in the IDR Award minus (ii) the amount previously paid by Respondent:

| Service Code | IDR No. | IDR Award | Initial Payments | Cost Sharing | IDR Award Balance Owed |
|---|---|---|---|---|---|
| A0431 | 421604 | $29,975.40 | $6,571.20 | $0.00 | $23,404.20 |
| A0436 | 421605 | $14,885.10 | $1,973.25 | $0.00 | $12,911.85 |

31. To date, Respondents have not paid PHI the remaining amount it is owed, which is $36,316.05.

**Count I – Application to Confirm the IDR Awards
Under the Federal Arbitration Act, 9 U.S.C § 9**

32. PHI incorporates by reference the allegations of the preceding paragraphs.

33. The IDR Awards should be confirmed by judgment of this Court pursuant to the FAA, 9 U.S.C. § 9.

34. The IDR Awards are valid and have not been vacated or set aside by any authority.

35. No grounds exist for vacating, modifying, or correcting the IDR Awards.

36. Confirmation of the IDR Awards necessitates a money judgment in PHI's favor in the total amount that Respondents are obligated to pay to PHI: the IDR Awards Balance Owed.

**Count II – Application to Confirm the IDR Awards
Under the Ohio Arbitration Act**

37. PHI incorporates by reference the allegations of the preceding paragraphs.

38. The IDR Awards should be confirmed by judgment of this Court pursuant to the Ohio Arbitration Act. *See* R.C. 2711, *et seq*.

39. The IDR Awards are valid and have not been vacated or set aside by any

8

authority.

40. No grounds exist for vacating, modifying, or correcting the IDR Awards.

41. Confirmation of the IDR Awards necessitates a money judgment in PHI's favor in the amount that Respondents are obligated to pay to PHI: the IDR Awards Balance Owed.

## Count III – Implied Right of Action under the NSA

42. PHI incorporates by reference the allegations of the preceding paragraphs.

43. The NSA includes an implied right of action against Respondents for the amount owed to PHI.

44. Specifically, the NSA requires Respondents to make the "payment required pursuant to subsection (a)(3) [42 U.S.C.§ 300gg-112(a)(3)] . . . directly to the nonparticipating provider not later than 30 days after the date on which such determination is made" by the IDR entity. *Id.* § 300gg-112(b)(6).

45. The NSA thus requires Respondents to pay to PHI the IDR Awards Balance Owed for the transport at issue in this case.

## PRAYER FOR RELIEF

46. PHI requests that the Court enter final judgment in its favor and against Respondent as follows:

   a. Confirming the IDR Awards pursuant to the Federal Arbitration Act;

   b. Confirming the IDR Awards pursuant to the Ohio Arbitration Act;

   c. Ordering Respondents to pay PHI the amount of $36,316.05, representing the IDR Awards Balance Owed;

   d. Ordering the Respondents to pay PHI post-award interest on the IDR Awards Balance Owed, from the date of the IDR Awards;

   e. Ordering the Respondents to pay PHI post-judgment interest on the judgment entered by this Court;

f.  Ordering Respondents to pay PHI's attorneys' fees incurred in this action, the amount of which PHI will prove by separate motion; and

g.  Awarding PHI all other relief to which it may be entitled.

>   Respectfully submitted,
>
>   /s/  Matthew M. Zofchak
>   Christopher J. Weber           (0059270)
>   Matthew M. Zofchak             (0096279)
>   KEGLER, BROWN, HILL & RITTER CO., L.P.A.
>   65 East State Street, Suite 1800
>   Columbus, OH  43215
>   T: (614) 462-5400; F: (614) 464-2634
>   cweber@keglerbrown.com
>   mzofchak@keglerbrown.com
>   *Counsel for Petitioner PHI Health, LLC*